(Court of Criminal Appeals of Texas. March 19, 1919. On Motion for Rehearing, April 16, 1919.)

HABEAS CORPUS ☞85(3) — APPLICATION — PRESUMPTION IN FAVOR OF REGULARITY OF COMMITMENT.

Where there is nothing but the application for habeas corpus, which shows that defendant was placed in jail following an adjudication that he was in contempt of the district court for refusing to answer questions before a grand jury, the Court of Appeals is unable to decide upon what the judgment was rendered, and must dismiss the application upon the presumption that the commitment was regular, and was based upon proper facts.

Original application by J. W. Berry for writ of habeas corpus, which was granted, and the cause set for hearing. Application dismissed, and relator remanded to custody of the sheriff.

Travis T. Thompson, of Clarksville, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J. On February 8, 1916, this relator presented an application for a writ of habeas corpus to the presiding judge of this court, which was granted, and the cause set down for February 19, 1919, on which date same appears to have been duly submitted. The record is before us without any statement of facts or agreement of counsel or any other manner by which this court may be guided in determining its decision of this case. It has been often held by this court that the contents of the application are but pleading, and that, if nothing further be presented, the application will be dismissed. See Ex parte Thomas, 65 Tex. Cr. R. 537, 145 S. W. 601; Ex parte Clark, 198 S. W. 954; Ex parte Robertson, 63 Tex. Cr. R. 280, 140 S. W. 98.

There being nothing before us except the application for this writ which alleges that applicant was placed in jail following an adjudication that he was in contempt of the district court of Red River county for refusing to answer certain questions before the grand jury of that county, we are unable to decide what the facts were upon which such judgment was rendered, and, the presumption being that proper facts were before the court and in favor of the regularity of the court's action, the application will be dismissed, and the relator will be remanded to the custody of the sheriff of Red River county.

#### On Motion for Rehearing.

At a former day of this term application for habeas corpus presented by relator was ordered dismissed, and relator remanded, because there were no facts on file from which the court could determine the correctness of the rulings of the trial court on the matters complained of. Appellant was sent to jail for refusing to answer certain questions before the grand jury. Relator now files a motion for rehearing in which he states that he is now filing a statement of facts. An examination of the record fails to disclose any such facts filed.

Motion for rehearing overruled.

---

### CHRISTOPHER v. STATE. (No. 5360.)

(Court of Criminal Appeals of Texas. April 2, 1919.)

CRIMINAL LAW ☞1090(8) — ABSENCE OF STATEMENT OF FACTS AND BILLS OF EXCEPTION—REVIEW.

Record being before court on appeal without a statement of facts or bills of exception, the only ground of motion for new trial, namely, want of sufficient evidence, cannot be considered, and judgment will be affirmed.

Appeal from District Court, Nacogdoches County; Lee D. Guinn, Judge.

Clint Christopher was convicted on a charge of rape, and he appeals. Affirmed.

E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was given five years in the penitentiary by the verdict of the jury on a charge of rape.

The record is before us without a state-

ment of facts or bills of exception. The only ground of the motion for new trial is the want of sufficient evidence. This cannot be considered for the reasons above stated.

The judgment will be affirmed.